FILED
2006 May-31 PM 04:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | | |
|---|---|---|
| **JAMES ALVIN KIMBRELL,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Civil Action Number |
| **GEORGIA PACIFIC** | ) | **6:06-cv-00385-UWC** |
| **CORPORATION and** | ) | |
| **BLUE CROSS BLUE SHIELD OF** | ) | |
| **ILLINOIS,** | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION ON MOTION TO STAY
AND SUA SPONTE REMAND**

The present action involves a claim against Defendant Georgia Pacific Corporation ("Georgia Pacific") for workers' compensation benefits under Alabama state law. Plaintiff seeks to obtain benefits from Defendant Blue Cross Blue Shield of Illinois ("Blue Cross"), only in the event that he is unsuccessful in pursuing his workers' compensation claims against Georgia Pacific.

Presently before the Court is a motion by the parties seeking to stay these proceedings as they relate to the ERISA claim, pending resolution of the workers' compensation claims. (*See* Doc. 11.)

In the interest of judicial economy and because the litigation of the ERISA claim

may become unnecessary after litigation of Plaintiff's state law worker's compensation claim, the Court will by separate order dismiss without prejudice Plaintiff's ERISA claim against Defendant Blue Cross.

After dismissing Plaintiff's federal claim, only the Plaintiff's state law claim remains; thus, there is no federal question and no subject matter jurisdiction.

Accordingly, the Court will by separate order remand Plaintiff's workers' compensation claim to the Circuit Court of Fayette County, Alabama, from which it was removed. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726-27 (1966); *In re Decorator Industries, Inc.*, 980 F.2d 1371, 1373 (11th Cir. 1992)(citing 28 U.S.C. §1447(c)) (acknowledging that a "district court may remand a case back to state court '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction.'")

Done the 31st day of May, 2006.

_____
U.W. Clemon
Chief United States District Judge